# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**David J. Lender**
+1 (212) 310-8153
david.lender@weil.com

BY ECF

July 9, 2021

The Honorable Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007



Re: *LCM XXII Ltd. v. Serta Simmons Bedding, LLC*, No. 21 Civ. 3987 (KPF)
    Request to Seal

Dear Judge Failla:

I write on behalf of Defendant Serta Simmons Bedding, LLC ("SSB") to respectfully request that the Court issue an order permitting the filing under seal of the unredacted version of Amendment No. 1 to First Lien Term Loan Agreement (the "Amended Credit Agreement"), attached as Exhibit A to the Declaration of David J. Lender, dated July 9, 2021. Pursuant to Rule 9(B)(i) of your Honor's Individual Rules and Practices ("Individual Rules"), SSB submits this letter-motion to request that the Amended Credit Agreement be filed under seal and that the public versions of the Amended Credit Agreement be redacted. *See* Individual Rules, Rule 9(B)(i).

**Sealing is Appropriate in this Action**

A district court "has supervisory power over its own records and files." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). "There is a common law presumption in favor of permitting public access to judicial documents," but "[a] court balances this common law presumption of access against competing comparisons, including the privacy interests of those resisting disclosure." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)).

Courts in this District routinely seal documents to prevent the disclosure of confidential business information. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting a motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting request to seal documents concerning "Playtex's (i) sales and revenue, (ii) analytical testing of the Diaper Genie Refills, (iii) qualitative market research, and (iv) research and development for new products"); *DISH Network L.L.C.*

*vs. ESPN, Inc., et al.*, 09-CV-6875-JGK-FM (S.D.N.Y.), Dkt. 19 (entering protective order permitting parties to treat as confidential "proprietary information, pricing, rates . . . [,] other non-public commercial, financial, research or technical information" and "agreements with third parties, information regarding current or future business or financial transactions, . . . [and] rates or planning information"); *see also PDV Sweeny, Inc. v. ConocoPhillips Co.*, No. 14-CV-5183 (AJN), 2014 WL 4979316, at *3 (S.D.N.Y. Oct. 6, 2014) (granting a motion to seal "with respect to those documents . . . containing sensitive commercial information affecting the parties' ongoing relationship"). Moreover, competitively-sensitive information has also been protected from public disclosure when the disclosure would cause significant and irreparable competitive injury to the company. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Reg. Auth.*, 347 F. App'x 615, 617 (2d Cir. 2009) (finding that presumption of public access was overcome when disclosure would subject a party to financial harm and cause significant competitive disadvantage); *KeyBank Nat'l Ass'n v. Element Transp. LLC*, No. 16 CIV. 8958, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) ("KeyBank asserts that the sensitive nonparty financial information it seeks to protect is all the data a competitor would need to determine its valuation of the leases. This competitive injury is sufficiently serious to warrant protection.").

Here, SSB seeks to seal only portions of the Amended Credit Agreement that contain confidential business terms and financially sensitive, non-public information such as fees, interest rates, and affirmative covenants that SSB is subject to under the Agreement. The redactions to the Amended Credit Agreement are narrowly tailored to protect financially sensitive information (*e.g.*, the dollar amount restrictions on SSB's use of the loans) and confidential information (*e.g.*, affirmative covenants regarding the collateral). Importantly, disclosure of these private business terms would likely result in competitive harm to SSB. For example, disclosure of the economic terms on which SSB was willing to enter into the Amended Credit Agreement could disadvantage SSB in future negotiations with third parties in respect of similar agreements. *See Gracyzk v. Verizon Commc'ns, Inc.*, No. 18 Civ 6465 (PGG), 2020 WL 1435031, at *8–*9 (S.D.N.Y. Mar. 24, 2020) (granting party's request to seal portions of contracts that contained "sensitive financial information" that would cause them to suffer "competitive disadvantage in future negotiations"). To protect parties from harm of this nature, courts in this Circuit have exercised their judicial discretion to seal judicial records. *See, e.g.*, *Standard Inv. Chartered, Inc.*, 347 F. App'x at 617 (finding that presumption of public access was overcome when disclosure would subject a party to financial harm and cause significant competitive disadvantage); *PDV Sweeny*, 2014 WL 4979316, at *3 (granting a motion to seal "with respect to those documents . . . containing sensitive commercial information affecting the parties' ongoing relationship"). In contrast, there is no benefit to the public if the information remains under seal. Thus, the competitive disadvantages that would flow to SSB if such information were disclosed outweighs the interest of the public, including competitors, of viewing those specific terms. *See Lugosch*, 435 F.3d at 120.

**Prior Sealing Order in Related State Court and Federal Court Actions**

A New York state court in a related case has already determined that there is good cause to seal the portions of the Amended Credit Agreement that SSB requests to seal. *See North Star Debt Holdings, L.P. v. Serta Simmons Bedding, LLC*, No. 652243/2020 (N.Y. Sup. Ct.), NYSCEF Nos. 185, 187 (attached as Exhibits 1 and 2). Judge George B. Daniels of this court also previously determined that there is good cause to seal the portions of the Amended Credit Agreement that SSB requests to seal. *See LCM XXII Ltd. v. Serta Simmons Bedding, LLC,* No. 20 Civ. 05090 (GBD), No. 79 (attached as Exhibit 3).

**Conclusion**

For the reasons stated above, SSB respectfully requests that this Court enter an Order: (1) sealing the unredacted version of the Amended Credit Agreement; and (2) maintaining the redactions of the publicly filed version of the Amended Credit Agreement.

Respectfully submitted,

*s/ David. J. Lender*

David J. Lender


cc:  All counsel via ECF

```
Application GRANTED.  The unredacted Amended Credit Agreement may be
filed under seal, viewable to the Court and the parties only.
Defendant is further permitted to publicly file a redacted version of
the Amended Credit Agreement.

Dated:     July 12, 2021                    SO ORDERED.
           New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE